**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| EDEN FOODS, INC.,<br>701 Tecumseh Road,<br>Clinton, Michigan 49236,<br><br>     Plaintiff,<br><br>v.<br><br>EDENFOODSCANADA.COM,<br>EDENFOODCOMPANYCANADA.COM,<br>EDENFOODSCOMPANYCANADA.COM, and<br>EDANJOBS.com, Internet Domain Names, and<br>JOHN DOE a/k/a SADAR JUGMOHAN SINGH,<br><br>     Defendants. | Civil Action No. 1: 25-cv-594 |

## COMPLAINT

Plaintiff Eden Foods, Inc. ("Eden Foods"), through counsel, alleges as follows for its Complaint against *res* Defendants EDENFOODSCANADA.com, EDENFOODCOMPANYCANADA.com, EDENFOODSCOMPANYCANADA.com, and EDANJOBS.com (the "Defendant Domain Names"), and John Doe.

## NATURE OF THE SUIT

1.  This is an *in rem* action for cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and for trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1), and trademark counterfeiting under 15 U.S.C. § 1116(d)(1).

2.  For over half a century, Eden Foods has offered natural and healthy food and beverage products and related services under a family of EDEN formative marks, including EDEN, EDEN FOODS, and EDEN ORGANIC. The consuming public recognizes this family of marks to

denote quality offerings, and places a high degree of trust in the EDEN brand.

3.    Defendant John Doe is leveraging that consumer trust in the EDEN brand to lend false credibility to a business impersonation fraud scheme, conducted through the Defendant Domain Names and various social media platforms, intended to draw in vulnerable consumers hoping to find job opportunities abroad. John Doe has used Eden Foods' word marks, logos, and images to create imposter sites, pretending to be Eden Foods, and offering food-related products and services. But in addition to these food products and services, the sites also claim to offer employment opportunities, and with them, visa and immigration services. But there are no jobs; there are no visas. Instead, on information and belief, the victims are tricked into providing sensitive information that the fraudsters use for their own financial benefit, and even transferring funds to cover "fees" for the fake immigration services.

4.    This fraud scheme is obviously devastating to the direct victims, and it is also highly harmful to Eden Foods. The value of the EDEN trademarks stems from the consumer recognition and goodwill that they engender. By linking Eden Foods to this fraudulent scheme, John Doe is harming that goodwill and diminishing the value of these longstanding trademark rights. Eden Foods will suffer irreparable harm if this unauthorized and malicious use of the EDEN family of marks is allowed to continue.

## **PARTIES**

5.    Eden Foods is a corporation organized under the laws of the State of Michigan, having its principal place of business at 701 Tecumseh Road, Clinton, Michigan 49236.

6.    EDENFOODSCANADA.com is an Internet domain name which, according to the WhoIs registration data, is registered to an unknown individual or entity who has used a privacy service to conceal his/her/its identity. A copy of the domain name registration record is attached

hereto as Exhibit 1. The domain name consists of Eden Foods' EDEN FOODS mark, with the addition of the geographically descriptive term "Canada" and the generic top-level domain ".com." EDENFOODSCANADA.com resolves to a website that repeatedly displays Eden Foods' marks and logos, and claims to be an "Online Grocery Shopping Center." The website also contains numerous messages soliciting contacts from individuals looking for job opportunities, through the messaging platform WhatsApp and the email hr@edenfoodscanada.com.

7.      EDENFOODCOMPANYCANADA.com is an Internet domain name which, according to the WhoIs registration data, is registered to an unknown individual or entity who has used a privacy service to conceal his/her/its identity. A copy of the domain name registration record is attached hereto as Exhibit 2. The domain name consists of a slight misspelling of Eden Foods' EDEN FOODS mark (omitting the "s" in "foods"), with the addition of the descriptive terms "Canada" and "company," and the generic top-level domain ".com." The website to which EDENFOODCOMPANYCANADA.com resolves repeatedly uses Eden Foods' marks and logos on a website that purports to offer jobs. The website further states "Eden Foods will help you immigrate to Canada United Kingdom (UK) America (USA) Dubai (UAE) Saudi Arabia Qatar." The site solicits contacts through both WhatsApp and online portals on the website, which call for sensitive information (names and passport numbers) and require payment of "fees" through various online payment providers.

8.      EDENFOODSCOMPANYCANADA.com is an Internet domain name which, according to WhoIs registration data, is registered to an unknown individual or entity who has used a privacy service to conceal his/her/its identity. A copy of the domain name registration record is attached hereto as Exhibit 3. The domain name consists of Eden Foods' EDEN FOODS mark, with the addition of the descriptive terms "Canada" and "company," and the generic top-level domain

3

".com." The website to which EDENFOODSCOMPANYCANADA.com resolves uses Eden Foods' word marks and logos, and states "We Eden Foods will help you immigrate to Canada United Kingdom (UK) America (USA) Dubai (UAE) Saudi Arabia Qatar." The site solicits contacts through WhatsApp and the email info@edenfoodscompanycanada.com, and seeks sensitive information from applicants, including full name, phone number, passport number, and photo.

9.     EDANJOBS.com is an Internet domain name which, according to WhoIs registration data, is registered to an unknown individual or entity who has used a privacy service to conceal his/her/its identity. A copy of the domain name registration record is attached hereto as Exhibit 4. The domain name consists of a phonetically identical misspelling of Eden Foods' EDEN mark, with the addition of the descriptive term "jobs," and the generic top-level domain ".com." The website to which EDANJOBS.com resolves uses Eden Foods' word marks and logo, including listing purported "Latest Job Positions Available in Eden Foods Company Canada 2025 Apply Now!" The site solicits contacts through WhatsApp, and seeks sensitive information from applicants, including their passport numbers.

10.    Defendant John Doe is an individual who is perpetrating the business impersonation scam at issue in this case through use of the Defendant Domain Names.  Defendant John Doe holds himself/herself out as "Sadar Jugmohan Singh, the proud owner and founder of Eden Foods." https://edenfoodscanada.com/. On information and belief, this name is false; the name and likeness used on the website actually belong to a Canadian immigration attorney who maintains a legitimate private practice within Canada, and has no ties to Eden Foods. John Doe has provided electronic means to contact him or her, including providing email, telephone, and messaging app contacts to the relevant domain registrar and/or to targets of the fraud perpetrated

4

through the Defendant Domain Names.

## JURISDICTION AND VENUE

11.     This is a civil action for federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), trademark infringement in violation 15 U.S.C. § 1114(1), and trademark counterfeiting in violation of 15 U.S.C. § 1116(d)(1).

12.     This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has *in rem* jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A).  *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(ii) because the WhoIs records for the Defendant Domain Names conceal the identifying information of their registrant(s), and therefore Eden Foods cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) and/or, alternatively, Eden Foods, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

14.     Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Eden Foods will give notice of the violations of its rights, and its intent to proceed *in rem*, to the contact information set forth in the registration records for the Defendant Domain Names.

15.     The Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(3) and (4), states that the *in rem* action, jurisdiction, and remedies created by the statute are "in addition to any other civil action or remedy otherwise applicable" and "in addition to any other jurisdiction that otherwise exists, whether *in rem* or *in personam*."

16.     Eden Foods' claims against John Doe for trademark infringement and counterfeiting are based on John Doe's unauthorized use of the EDEN marks in social media and

through the websites at the Defendant Domain Names, to mislead, confuse, and/or deceive consumers, including, on information and belief, consumers within this District, and through John Doe's use of instrumentalities in this District to maintain, host, and/or display the websites bearing Eden Foods' intellectual property. This Court has personal jurisdiction over Defendant John Doe because he or she has sufficient minimum contacts with Virginia that he or she can expect to be haled to court here and the exercise of personal jurisdiction is consistent with due process.  John Doe's actions also satisfy Virginia's long-arm statute, VA. CODE ANN. § 8.01-328.1, in that John Doe is causing tortious injury by acts in the Commonwealth through use of computer networks in the Commonwealth.

17.    In the alternative, this Court has jurisdiction over Defendant John Doe under Fed. R. Civ. P. 4(k) because Plaintiff's claims arise under federal law and "exercising jurisdiction is consistent with the United States Constitution and laws." *See* Fed. R. Civ. P. 4(k)(2)(B).

18.    Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the registry operator of the .COM domain registry, VeriSign, Inc., is situated in this judicial district, and the Defendant Domain Names are all .COM domain names. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

19.    Joinder of John Doe and the Defendant Domain Names is proper under Fed. R. Civ. P. 20(a)(2) in that the cybersquatting, trademark infringement, and trademark counterfeiting claims set forth herein appear to arise out of the same series of transactions and the same questions of law are common to all Defendants.  The Defendant Domain Names were all registered in bad faith well after the establishment of Eden Foods' trademark rights, in relatively close temporal proximity, displaying highly similar websites, and employing similar methods of cybersquatting the

distinctive EDEN marks. John Doe registered and/or promotes and/or operates the websites at the Defendant Domain Names that use Eden Foods' intellectual property without Eden Foods' authorization, and with the intent to mislead consumers.

## EDEN FOODS' RIGHTS IN THE EDEN FAMILY OF MARKS

20.    Eden Foods is a leading producer of natural and organic food and beverage products, all marketed under a protected family of EDEN trademarks that are registered with the USPTO. Since at least 1967, Eden Foods has used EDEN as a business and brand name for its widespread food- and beverage-related products and services. Currently, Eden Foods offers over 300 products under the family of EDEN trademarks. Eden Foods and its EDEN-branded products are well known to consumers, and have earned significant gratuitous publicity including winning numerous awards.

21.    Long prior to the acts complained of herein, Eden Foods commenced use of the inherently distinctive and arbitrary word EDEN, alone and in combination with other words and/or a distinctive Fern Design, as a trademark in the United States for a wide variety of food products, including natural and organic foods and beverages, as well as food- and beverage-related products and services, and Eden Foods has continuously used said mark on or in connection with such products and services, and in the advertising and sale thereof, in interstate commerce since as early as 1967.

22.    Eden Foods' EDEN products are sold throughout the United States through a variety of retail outlets, including: national and regional supermarket chains such as Safeway, Kroger, Whole Foods, Publix, Albertsons, Harris Teeter and Walmart; local grocery stores; food cooperatives; health food stores; convenience stores; and department stores. Eden Foods' EDEN products are also available through mail order outlets and via the Internet through Eden Foods'

website accessible at EDENFOODS.com, as well as through other online retailers.

23.     Eden Foods extensively advertises and promotes its EDEN family of products and services through a variety of means including printed publications, distribution of printed promotional materials, and via the Internet. Eden Foods' annual expenditures for advertising and marketing activities are in the millions of dollars. Eden Foods' EDEN products also are the subject of a large amount of gratuitous, positive publicity.

24.     Eden Foods' annual retail sales of EDEN products in the United States have consistently exceed One Hundred Million Dollars ($100,000,000) for a number of years.

25.     Eden Foods was founded to provide consumers with the highest quality health foods available, particularly foods grown without the use of chemical herbicides, pesticides, and caustic fertilizers, known to some as "macrobiotic" foods. As early as 1969, Eden Foods was known as a pioneer in the development of organic food certification standards in the United States. In the early 1970s, Eden Foods researched organic growing techniques used by farmers in Europe and introduced these techniques to growers in the United States. Because of Eden Foods' commitment to product integrity, Eden Foods' EDEN family of health foods are recognized throughout the food and health industries as being of the highest quality.

26.     Eden Foods has used an assortment of EDEN-formative marks to market its products and services. These marks include EDEN standing alone, EDEN FOODS, EDENSOY, EDENEWS, EDEN STORE, and EDEN ORGANIC, as well as particular stylizations including the following:



(collectively, the "EDEN Marks").

27.     As a result of Eden Foods' extensive and substantial advertising and sales of products under the family of EDEN trademarks and the maintenance of premium quality standards relating thereto, said marks are well and favorably known to the general public throughout the United States as a distinctive indication of origin and had become famous long prior to Defendant's first use of the EDEN Marks, which is the subject of this civil action.

28.     By virtue of Eden Foods' longstanding and continuous use of the EDEN Marks in U.S. Commerce in association with its food- and beverage-related products and services, Eden Foods possesses broad common law trademark rights in the marks.

29.     In addition to its common law trademark rights, Eden Foods possesses statutory trademark rights by virtue of its ownership of subsisting U.S. trademark registrations for the EDEN Marks.

30.     Eden Foods duly registered EDENSOY as a trademark in the USPTO under Registration No. 1,440,754, which issued May 26, 1987, and has been duly renewed and now covers soybean based food beverages.

31.     Eden Foods duly registered EDEN as a trademark for the following food and beverage products in the USPTO under Registration No. 1,452,337, which issued August 11, 1987, and has been duly renewed and now covers the following products:

- Pickled plums; processed and unprocessed dried fruits; processed nuts; processed seeds; vegetable oils; namely, olive oil, safflower oil, sesame oil; and snack foods consisting of processed nuts, processed seeds and dried fruits.

- Processed grains, namely, wheat flour, buckwheat flour, millet flour, rice flour, rye flour; pasta, namely, wheat noodles, wheat and spinach noodles, wheat and

buckwheat noodles; soy sauce; barley malt syrup for table use; vinegar; mustard; tomato based spaghetti sauce; sea salt for table use; beverage consisting of tea and herbs.

- Unprocessed beans, namely, aduki, black turtle beans, kidney beans, great northern beans, green lentils, navy beans, pinto beans, soy beans; unprocessed peas, namely, chickpeas; unprocessed nuts; unprocessed edible seeds; unprocessed grains, namely barley, rice, wheat, buckwheat and millet; unprocessed corn and unpopped popcorn; and unprocessed sea vegetables, namely sea weed.

32.    Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 1,862,634, which issued November 15, 1994, and has been duly renewed and now covers the following products:

- Vegetable oils, crushed tomatoes, sauerkraut, and processed can beans.

- Pasta; pizza sauce; teas; crackers; chips; misos; and condiments; namely, mustard, sea salt, processed sesame seeds, garlic pastes, furikake, pickled beefsteak leaf powder, bonito flakes, pickled ginger, tekka, wasabi powder, tamari, and shoyu.

- Unprocessed grains; namely, barley, wheat, and quinoa.

33.    Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 2,229,053, which issued March 2, 1999, and has been duly renewed and now covers fruit butter, fruit sauce and fruit juices.

34.    Eden Foods duly registered EDEN ORGANIC & Fern Design as a trademark for the following food and beverage products in the USPTO under Registration No. 2,272,652, which issued August 24, 1999, and has been duly renewed and now covers the following products:

- Vegetable oils; processed nuts; processed edible seeds; processed mixture

10

consisting of any combination of fruits, nuts and seeds; and dried fruits.

- Rice; pasta and noodles; breakfast cereals; vinegar; and soy sauce.

35.    Eden Foods duly registered EDEN as a trademark with the USPTO under Registration No. 2,503,977, which issued November 6, 2001, and has been duly renewed and now covers dietary food supplements, namely, edible Kombu root seaweed and ume plum concentrate.

36.    Eden Foods duly registered EDENEWS as a trademark with the USPTO under Registration No. 2,905,671, which issued November 30, 2004, and has been duly renewed and now covers newsletters in the field of food and food-related topics, nutrition, health and diet, farming and agricultural and environmental issues.

37.    Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 2,977,773, which issued July 26, 2005, and has been duly renewed and now covers processed popcorn for popping.

38.    Eden Foods duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 3,071,337, which issued March 21, 2006, and has been duly renewed and now covers the following products:

- Vegetable oils; processed vegetables; soybean based food beverages; soybean based misos; nut and fruit butters; processed nuts; processed edible seeds; processed mixture consisting of any combination of fruits, nuts and seeds; and vegetable chips and dried fruits.

- Tea; sugar; rice; pasta and noodles; flour; breakfast cereals; honey; syrup for table use; candy; salt; mustard; vinegar; sauces, namely, pizza and spaghetti sauces, soy sauce; processed grains; rice and grain based food beverages; herbal food beverages; seasonings, namely, processed sesame seeds, garlic pastes, furikake,

11

pickled beefsteak leaf powder, bonito flakes, pickled ginger, tekka, wasabi powder; crackers; brown rice chips; and granola.

- Unprocessed fruits, unprocessed vegetables, unprocessed grains, unprocessed nuts and unprocessed edible seeds.

39.     Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 3,102,575, which issued June 13, 2006, and has been duly renewed and now covers dried cherries.

40.     Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 4,065,063, which issued on December 6, 2011, and has been duly renewed, and covers providing recipes and information in the field of cooking and food preparation, and providing information in the field of health, nutrition, diet, beauty and organic farming techniques.

41.     Eden Foods duly registered EDENEWS as a trademark in the USPTO under Registration No. 4,171,490, which issued on July 10, 2012, and has been duly renewed, and covers downloadable electronic newsletters in the field of food and food-related topics, nutrition, health and diet, farming and agricultural and environmental issues.

42.     Eden Foods duly registered EDEN STORE as a trademark in the USPTO under Registration No. 4,264,567, which issued on December 25, 2012, and has been duly renewed, and covers retail and on-line store featuring food and beverage products.

43.     Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 4,264,570, which issued on December 25, 2012, and has been duly renewed, and covers retail and on-line stores featuring food and beverage products.

44.     Eden Foods duly registered EDEN ORGANIC as a trademark in the USPTO under Registration No. 4,272,392, which issued on January 8, 2013, and has been duly renewed, and

covers organic processed beans; organic processed fruits; organic food seasonings; organic popcorn, organic tea; organic food starches; organic food flavorings.

45.     Eden Foods duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 4,272,393, which issued on January 8, 2013, and has been duly renewed, and covers processed beans; processed fruits; processed tomatoes and crackers; entrees and side dishes consisting primarily of rice and beans.

46.     Eden Foods duly registered EDEN RECIPES as a trademark in the USPTO under Registration No. 4,336,312, which issued on May 14, 2013, and has been duly renewed, and covers downloadable software in the nature of an application for obtaining news and information in the field of food and food related topics, nutrition, health and diet and related textual, audio and video content on mobile and stationary electronic devices.

47.     Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 4,431,041, which issued on November 12, 2013, and has been duly renewed, and covers tooth powder; dietary food supplements and nutritional supplement concentrates; sushi mats; processed vegetables; chili; processed mushrooms; raisins; tofu; vegetable based food beverages; prepared entrees consisting primarily of beans with rice and other side dishes; Umeboshi plum paste; grain based food beverages; natural food sweeteners; arrowroot for use as a food thickener; rice; Ponzu sauce; prepared entrees consisting primarily of rice with beans and other side dishes; edible spices; concentrates for making non-alcoholic beverages; and cooking wine.

48.     Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 5,189,572, which issued April 25, 2017, and covers instant miso soup and muesli.

49.     Eden Foods duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 5,189,573, which issued April 25, 2017, and covers instant miso soup.

50.     Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 5,608,452, which issued on November 13, 2018, and covers tahini and black sesame butter.

51.     Eden Foods duly registered EDEN as a trademark in the USPTO under Registration No. 6,138,923, which issued September 1, 2020, and covers the following products:

- gift baskets and bags primarily containing soup and also including a ceramic soup cup; gift baskets and bags primarily containing fruit butters, fruit sauces and dried fruits; processed seeds for snacking; processed beans;

- gift baskets and bags primarily containing tea powder and also including a whisk, spoon and bowl; gift baskets and bags primarily containing organic teas and also including an infuser spoon and mug; gift baskets and bags primarily containing popcorn and also including a popcorn bowl; pasta and pasta sauce; processed seeds for use as seasoning; condiments, namely, ketchup, mustard, and mayonnaise.

52.     Eden Foods duly registered EDEN FOODS as a trademark in the USPTO under Registration No. 6,637,479, which issued February 8, 2022, and covers canvas shopping bags; tote bags; and lunch bags not of paper.

53.     Registration Nos. 1,440,754, 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,503,977, 2,905,671, 2,977,773, 3,071,337, 3,102,575, 4,065,063, 4,171,490, 4,264,567, 4,264,570, 4,272,392, 4,272,393, 4,336,312, 4,431,041, 5,189,572, 5,189,573, 5,608,452, 6,138,923 and 6,637,479 (the "EDEN Registrations") are *prima facie* evidence of the validity and exclusive right to use of the mark EDEN, alone and in combination with other words and/or designs, and are constructive notice of ownership thereof, all as provided by §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 1057(b) and 1072.  As the right to use the mark EDEN, alone and in combination with other word and designs, has become incontestable, Registration Nos.

1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,503,977, 2,905,671, 2,977,773, 3,071,337, 3,102,575, 4,065,063, 4,171,490, 4,264,567, 4,264,570, 4,272,392, 4,272,393, 4,336,312, 4,431,041, 5,189,572, and 5,189,573 are conclusive evidence of Eden Foods' exclusive right to use the marks shown therein in commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b).   True copies of USPTO records reflecting subsisting registration of Registration Nos. 1,440,754, 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,503,977, 2,905,671, 2,977,773, 3,071,337, 3,102,575, 4,065,063, 4,171,490, 4,264,567, 4,264,570, 4,272,392, 4,272,393, 4,336,312, 4,431,041, 5,189,572, 5,189,573, 5,608,452, 6,138,923, and 6,637,479 are attached hereto as Exhibit 5.

## UNLAWFUL REGISTRATION AND USE OF THE DOMAIN NAMES TO COUNTERFEIT THE EDEN GOODS AND SERVICES

54.     The Defendant Domain Names all incorporate the EDEN Marks, or phonetically identical misspellings thereof, with the insubstantial additions of the descriptive terms "Canada," "company," and/or "jobs," and generic top-level domains.

55.     On information and belief, John Doe is involved in a fraudulent scheme to induce victims to provide sensitive business information and money to John Doe through the websites and contact information at the Defendant Domain Names. Each of the Defendant Domain Names includes methods of contacting John Doe to pursue work and visas abroad. John Doe solicits information including full names, telephone numbers, and passport numbers, and charges "fees" that are paid through various online payment platforms.

56.     John Doe's promises of employment with Eden Foods and services facilitating visas are false. Eden Foods has no relationship with John Doe; Eden Foods is not offering employment through any of the positions advertised on the websites to which the Defendant Domain Names resolve; Eden Foods does not provide visa or immigration services. On

information and belief, the unwitting victims who engage with John Doe provide sensitive data and money and get nothing in return.

57.    The websites to which the Defendant Domain Names resolve all impersonate Eden Foods—using the EDEN Marks, logo, and making statements that expressly (and falsely) identify the website as that of Eden Foods:





(Defendant EDENFOODSCANADA.com);



(Defendant EDENFOODSCOMPANYCANADA.com);



(Defendant EDENFOODSCOMPANYCANADA.com); and



(Defendant EDANJOBS.com).

58.     The website to which Defendant EDENFOODSCANADA.com resolves calls itself

an "Online Grocery Shopping Center," and includes links to "shop" and its "store." The site displays promotional images of Eden Foods' legitimate products, adjacent to advertisements for apparent competitor products and links to purchase those products:




59.    The website at EDENFOODSCANADA.com also purports to offer employment opportunities, stating at the top of the page: "If you need any information regarding job opportunities, please contact us via WhatsApp at +19393207912 or email us at hr@edenfoodscanada.com." The website further states that "We Eden Foods will help you immigrate to Canada United Kingdom (UK) America (USA) Dubai (UAE) Saudi Arabia Qatar." If one clicks on the "Apply Now" link, one is directed to chat via WhatsApp.

60.    The website at EDENFOODSCANADA.com identifies the "owner and founder of Eden Foods" as Sadar Jugmohan Singh. The name corresponds to an attorney residing in Canada, and the images are lifted from Mr. Singh's legitimate website at https://nanda.ca/. On information and belief, Mr. Singh's identity has been stolen to lend credibility to the false claims on the Defendant Domain Names' websites that that John Doe provides visa and immigration services.

61.    The website to which EDENFOODCOMPANYCANADA.com resolves states that "Eden Foods will help you immigrate to Canada United Kingdom (UK) America (USA) Dubai

(UAE) Saudi Arabia Qatar." The website then lists numerous "team" members and their purported annual salaries. None of the listed individuals are associated with Eden Foods.

62.    When    one    clicks    the    "Apply    Now"    link    at EDENFOODCOMPANYCANADA.com, one is directed to a page on which they must enter their full name, WhatsApp number, email address, passport or identification number, a passport photo, and selections about the purported jobs to which the person would like to apply. The website also requires a "fee," which may be paid through Bitcoin, USDT, Binance, Google Pay, or Phone Pay.

63.    The website to which EDENFOODCOMPANYCANADA.com resolves states "We Eden Foods will help you immigrate to Canada United Kingdom (UK) America (USA) Dubai (UAE) Saudi Arabia Qatar." The website invites visitors to "Apply Now," and directs them to a page to enter their name, email address, country, WhatsApp number, Passport number, a photograph, and information about the purported jobs to which they would like to apply.

64.    The website to which EDANJOBS.com resolves identifies itself alternatively as "Edan Food Company" and "Eden Foods Company Canada," and claims to be "a top company that helps people from other countries get food packing jobs in Canada. They offer a job with a salary of 3,500 Canadian dollars, plus a free visa, a free place to live, and a free two-way plane ticket." The site also uses a photo of Mr. Singh, and identifies him as the purportedly now-deceased "owner and manager of Eden Food Company in Canada."

65.    On the EDANJOBS.com website, visitors are encouraged to use WhatsApp to contact "Eden Foods Company Canada" and apply for jobs. Its "Application Process" requires copies of national identity cards, passports, character certificates, and passport photos. At least one consumer has apparently fallen victim to this false application process, commenting on the page "Sir we have applied in ur company for fruit packing please tell us do ur company have any record

of us? Kindly guide us please."

66.     The websites at the Defendant Domain Names all purport to offer work and immigration services through similar means, with similar contact information, using similar language about the purported services, and using identical photographs. On information and belief, based on these commonalities, all four websites are operated by John Doe as part of a coordinated scheme.

67.     On information and belief, John Doe has furthered his/her fraudulent scheme through social media. Numerous Facebook, YouTube, and TikTok accounts use the EDEN Marks and post content relating to visa and immigration services. Many of these accounts use the same images that appear on the websites to which the Defendant Domain Names resolve, including the EDEN Marks and images of Sadar Jugmohan Singh. Examples of these social media profiles are attached hereto as Exhibit 6.

68.     By adopting the EDEN Marks and impersonating Eden Foods on the resulting websites, it is clear that the Defendant Domain Names have been registered for the purpose of, *inter alia*, obtaining Internet visitors when such visitors were attempting to reach Eden Foods' legitimate goods and services.

69.     The Defendant Domain Names have been configured to mislead viewers into believing the site is affiliated with Eden Foods.

70.     The websites at the Defendant Domain Names solicit sensitive information and financial payments from visitors.

71.     On information and belief, the registrant of the Defendant Domain Names registered the domain names so as to receive compensation when Internet visitors are misled to engage with the content on the websites to which the Defendant Domain Names resolve, including

21

monies collected from the deceived visitors.

72.     The Defendant Domain Names are being used as both the vehicle of John Doe's fraud, and to provide credibility to John Doe's false claims of affiliation with the legitimate and respected entity Eden Foods.

73.     The uses of the EDEN Marks and other of Eden Foods' intellectual property in the Defendant Domain Names and associated websites are without authorization from Eden Foods.

74.     On information and belief, and based on the information available from the public WhoIs records, the Defendant Domain Names do not and cannot reflect the legal name of the registrant of the Defendant Domain Names.

75.     On information and belief, the registrant of the Defendant Domain Names has not engaged in *bona fide* commercial or noncommercial use of the EDEN Marks in a website accessible under the Defendant Domain Names, and is instead attempting to misrepresent himself or herself as Eden Foods.

76.     The website displayed by the registrant of the Defendant Domain Names is likely to be confused with Eden Foods' legitimate online location.

77.     On information and belief, the registrant of the Defendant Domain Names registered the Defendant Domain Names with intent to divert consumers away from Eden Foods' online location, for her or her own commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendant Domain Names and the site displayed through use of the Defendant Domain Names.

78.     On information and belief, the registrant of the Defendant Domain Names provided material and misleading false contact information when applying for and maintaining the registration of the Defendant Domain Names in that the person identified as the registrant is not

reflective of a real person's name.

## COUNT ONE:
### (Violation of the Federal Anti-Cybersquatting Consumer Protection Act)

79.    Eden Foods repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

80.    Eden Foods' EDEN Marks are distinctive and were distinctive prior to the time of registration of the Defendant Domain Names.

81.    The aforesaid acts by the registrant of the Defendant Domain Names constitutes registration, maintenance, trafficking in, and/or use of domain names that are confusingly similar to Eden Foods' EDEN Marks, with bad-faith intent to profit therefrom.

82.    In light of the registrant's concealment of his identity in domain registration records, Eden Foods is not able to obtain *in personam* jurisdiction over the registrant of the Defendant Domain Names or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) or, alternatively, Eden Foods, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

83.    The aforesaid acts by the registrant of the Defendant Domain Names constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

84.    The aforesaid acts have caused, and are causing, great and irreparable harm to Eden Foods and the public. The harm to the public includes the potential for fraud stemming from the domains that are intended to mislead consumers regarding an association with Eden Foods. The harm to Eden Foods includes harm to the value and goodwill associated with the EDEN Marks that money cannot compensate. Unless permanently restrained and enjoined by this Court, said

irreparable harm will continue.

85.    Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Eden Foods is entitled to an order directing the registries for the Defendant Domain Names to change the current registrar to Eden Foods' registrar of choice and directing the registrant to be changed to Eden Foods.

**COUNT TWO:**
**(*In Personam* Trademark Infringement)**

86.    Eden Foods repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

87.    John Doe a/k/a "Sadar Jugmohan Singh" is using the EDEN Marks in commerce and has no valid rights in the EDEN Marks.

88.    On information and belief, based on the blatant copying of the EDEN Marks and images from Eden Foods' legitimate website, John Doe has actual notice of the existence of Eden Foods' superior rights in the EDEN Marks.

89.    Use of the EDEN Marks by John Doe is without the permission or authorization of Eden Foods.

90.    The aforesaid acts by John Doe have caused and/or are likely to cause confusion, mistake and/or deception among consumers and the public, leading the public falsely to believe that John Doe's social media accounts, email correspondence, and/or websites at the Defendant Domain Names are those of, sponsored or approved by, or in some way connected with Eden Foods.

91.    The aforesaid acts by John Doe constitute direct infringement of Eden Foods' trademark rights in violation of 15 U.S.C. § 1114(1).

92.    The aforesaid acts have caused, and are causing, great and irreparable harm to Eden Foods and the public.  The harm to Eden Foods includes harm to the value and goodwill associated

with the EDEN Marks. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

## COUNT THREE:
### (Trademark Counterfeiting)

93.    Eden Foods repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

94.    John Doe a/k/a "Sadar Jugmohan Singh" is intentionally and knowingly using counterfeit versions of the EDEN Marks in connection with at least one website that is being used to offer and promote food products of the type offered by Eden Foods.

95.    John Doe has used spurious designations that are identical with, or substantially indistinguishable from, the EDEN Marks on goods and/or services covered by the federal registrations for such marks, including, for example, food products sold under the EDEN Marks on the website to which Defendant EDENFOODSCANADA.com resolves.

96.    John Doe has used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale and distribution of goods and/or services.

97.    John Doe's use of the counterfeit EDEN Marks on websites to advertise, promote, offer for sale, distribute, and sell goods and/or services was, and is, without the consent of Eden Foods.

98.    John Doe has used the counterfeit EDEN Marks on websites in connection with advertisement, promotion, sale, offering for sale and distribution of goods and/or services constitutes use of the EDEN Marks in commerce.

99.    The unauthorized use by John Doe of the EDEN Marks as set forth above is likely to: (a) cause confusion, mistake and deception; (b) cause the public to believe that the products

and/or services offered by John Doe are authorized, sponsored or approved by Eden Foods or that John Doe are affiliated, connected or associated with or in some way related to Eden Foods; and (c) result in John Doe unfairly benefitting from Eden Foods' advertising and promotion and profiting from the reputation of Eden Foods and the EDEN Marks, all to the substantial and irreparable injury of the public and Eden Foods.

100.    The aforesaid acts by John Doe constitute willful trademark counterfeiting in violation of Sections 32 and 34 of the Lanham Act, 15 U.S.C. § 1114 and 1116(d)(1).

101.    As such, Eden Foods is entitled to injunctive relief. Additionally, Eden Foods is entitled to statutory damages of up to $2,000,000 per mark. *Id*. § 1117(c)(2). Alternatively, Eden Foods is entitled to John Doe's profits, treble damages in an amount to be proven at trial, and costs. *Id*. § 1117(a), (b).

## **PRAYER FOR RELIEF**

WHEREFORE, Eden Foods respectfully requests of this Court:

1.    That judgment be entered in favor of Eden Foods on its claims of cybersquatting, trademark infringement, and trademark counterfeiting.

2.    That the Court order immediate preliminary and permanent injunctive and other equitable relief to disable and/or transfer the Defendant Domain Names.

3.    That the Court permanently enjoin Defendants and their officers, directors, principals, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, jointly and severally, from:

a.    Copying, distributing, altering, displaying, hosting, selling and/or promoting goods or services using the EDEN Marks or any marks confusingly similar thereto;

b.    Using any copy or colorable imitation of the EDEN Marks in connection with the

26

promotion, advertisement, display, sale, offering for sale, manufacture, printing, importation, production, circulation, or distribution of any product or service, in such fashion as to relate or connect such product in any way to Eden Foods, or to any goods sold, manufactured, sponsored, approved by, or connected with Eden Foods;

       c.     Using Facebook, YouTube, TikTok, WhatsApp, or other social media platforms, to copy, distribute, alter, display, host, sell, and/or promote goods and services bearing the EDEN Marks or any marks confusingly similar thereto;

       d.     Registering or using any domain names including the EDEN Marks or any marks confusingly similar thereto;

       e.     Engaging in any other activity constituting an infringement of the EDEN Marks, or constituting any damage to Eden Foods' name, reputation, or goodwill.

       4.     That those in active concert or participation with Defendants and those with notice of the injunction, including without limitation any web hosting providers, domain name registrars, and domain name registries, CDN providers, social media platforms, certificate providers, messaging app providers, and/or email service providers, cease facilitating access to any or all domain names and websites or accounts through which Defendants engage in unlawful access to, use, reproduction, and distribution of goods or services bearing the EDEN Marks or any marks confusingly similar thereto.

       5.     That the Court order the domain registries for the Defendant Domain Names to change the registrar for the Defendant Domain Names to Eden Foods' registrar of choice and by such registrar's change of the registrant to Eden Foods.

       6.     That the registrar of any other domain names registered by the registrant of the Defendant Domain Names and/or Defendant John Doe that resemble or include the EDEN Marks

be replaced with Eden Foods' registrar of choice and that such registrar change the registrant(s) to Eden Foods.

      7.    That Defendants be required to pay Eden Foods statutory damages pursuant to 15 U.S.C. § 1117.

      8.    That, in the alternative, actual damages (trebled with respect to the trademark counterfeiting claim) be awarded against Defendants.

      9.    That Defendants be required to give an accounting, and disgorge all revenues earned from the operation of fraudulent websites containing the counterfeit EDEN marks.

      10.    That the Court order an award of costs and reasonable attorney's fees incurred by Eden Foods in connection with this action pursuant to 15 U.S.C. § 1117(a); and

      11.    That the Court order an award to Eden Foods of such other and further relief as the Court may deem just and proper.

Dated: April 8, 2025      By:      /s/ Adrienne J. Kosak /s/

      Christopher Kelly (for *pro hac vice*)
      Rebecca Saitta (VA Bar No. 65408)
      Adrienne J. Kosak (VA Bar No. 78631)
      WILEY REIN LLP
      2050 M St. NW
      Washington, DC 20036
      Tel: (202) 719-7000
      ckelly@wiley.law
      rsaitta@wiley.law
      akosak@wiley.law

      *Counsel for Plaintiff*